### Application of Adolph WYATT, for Writ of Habeas Corpus.
### No. A–12425.

Criminal Court of Appeals of Oklahoma.

Feb. 6, 1957.

Laynie W. Harrod, Wm. Mounger, Oklahoma City, for petitioner.

J. W. (Bill) Berry, County Atty., and Robert H. Reynolds, Asst. County Atty., Oklahoma City, for respondent.

POWELL, Judge.

This is an original action in habeas corpus, instituted by the petitioner, Adolph Wyatt, for the purpose of being admitted to bail upon a charge of murder, said charge now pending pursuant to a legal preliminary information pending before a justice of the peace of Oklahoma County, and filed on January 8, 1957. On January 9, 1957 a hearing was had in case No. 140257, in the district court of Oklahoma county upon a petition praying that a bond be set in said case for this petitioner, and the writ was denied.

The accused, a colored man, is now held by the Sheriff of Oklahoma County in the Oklahoma County jail. The complaint alleges that petitioner did on August 26, 1956, in Oklahoma County, shoot and kill one George Bigelow, shown to have also been a colored man.

We have read a complete transcript of the evidence produced at the hearing in the district court of Oklahoma County on the petition for a writ of habeas corpus.

It appears that prior to the present preliminary information, an earlier preliminary information had been filed, and that on hearing defendant had been discharged. Such fact, of course, did not prevent the filing of a second preliminary complaint, if the county attorney possessed evidence that in his judgment would justify him in so doing.

From the record before us, it appears that petitioner and the deceased had had some difficulty prior to the shooting. The last meeting prior thereto had been at the home of a friend of the accused by the name of Bruce, at 1405 Northeast Third Street, Oklahoma City. We shall not go into the evidence, other than to say that defendant claims that he was trying to get out of George Bigelow's way and that a pistol he had was discharged but that he did not intend to hit Bigelow. Thomas Bruce, who was present, claimed that he did not see the actual shooting. He was a reluctant witness.

Bearing on the credibility of defendant's testimony is evidence that defendant had previously been convicted on a charge of assault with attempt to kill in 1929, and had

served time in the penitentiary; and that a second time he was convicted on an assault charge and served a second term in the penitentiary. There was evidence of other minor convictions.

The evidence is conflicting as to what happened just prior to and at the time of the killing. We shall not comment upon the weight of the evidence, but conclude that the petitioner has made a sufficient showing to entitle him to be admitted to bail.

It is therefore ordered that petitioner be admitted to bail in the reasonable sum of $20,000, conditioned as required by law, and to be approved by the Court Clerk of Oklahoma County.

BRETT, P. J., and NIX, J., concur.